U.S. District Court
Eastern Dist. of Wis.
I hereby certify that this is a
true and correct copy of the original now
remaining of record in my office

JON W. SANFILIPPO, Clerk

DATED:          Deputy:
6/11/2013 by K. Carter Teng

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**FILED**
**Jun 11, 2013**
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**IN RE: SUBWAY FOOTLONG SANDWICH**
**MARKETING AND SALES PRACTICES LITIGATION**                    MDL No. 2439

## TRANSFER ORDER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, defendants Doctor's Associates, Inc., and Subway Sandwich Shops, Inc., move for centralization of this litigation in the Northern District of Illinois. This litigation currently consists of seven actions pending in five districts, as listed on Schedule A.[1] Plaintiffs in all actions support centralization in this district.

On the basis of the papers filed and the hearing session held, we find that these seven actions involve common questions of fact, and that centralization in the Eastern District of Wisconsin will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These seven putative class actions share factual questions arising from plaintiffs' allegation that defendants have engaged in a false or misleading advertising campaign regarding the size of the Subway Footlong sandwich. In particular, plaintiffs allege that defendants have uniform standards and practices with respect to the manufacturing process and franchisee training which result in the actual length of the sandwich being materially shorter than advertised in violation of state consumer protection laws. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Weighing all factors, we have selected the Eastern District of Wisconsin as the transferee district for this litigation. This district provides a geographically central forum for this nationwide litigation, and will be convenient and accessible for the parties and witnesses. Further, centralization in this district permits the Panel to assign this matter to a district which is not presently overseeing a multidistrict litigation. Judge Lynn S. Adelman is an experienced transferee judge, and we are confident he will steer this litigation on a prudent course.

* Panel members who could be members of the putative classes in this docket have renounced their participation in those classes and have participated in this decision. To the extent that such an interest is later determined to survive the renunciation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Tel. Radio Frequency Emissions Prods. Liability Litig.*, 170 F. Supp. 2d 1356, 1357–58 (J.P.M.L.2001).

[1] The Panel has been notified of one potentially related action in another district. This and any other related action are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Wisconsin and, with the consent of that court, assigned to the Honorable Lynn S. Adelman for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil            W. Royal Furgeson, Jr.
Paul J. Barbadoro           Marjorie O. Rendell
Charles R. Breyer           Lewis A. Kaplan

## IN RE: SUBWAY FOOTLONG SANDWICH
## MARKETING AND SALES PRACTICES LITIGATION

MDL No. 2439

### SCHEDULE A

Western District of Arkansas

Vincent Gotter v. Doctor's Associates, Inc., C.A. No. 5:13-05033

Eastern District of California

Richard Springer v. Doctor's Associates Inc., C.A. No. 2:13-00143

Northern District of Illinois

Nguyen Buren v. Doctor's Associates, Inc., C.A. No. 1:13-00498
Barry Gross v. Doctor's Associates Inc., C.A. No. 1:13-00601

District of New Jersey

Jason Leslie v. Doctor's Associates, Inc., et al., C.A. No. 3:13-0465
Charles Noah Pendrak, et al. v. Subway Sandwich Shops, Inc., et al., C.A. No. 3:13-00918

Eastern District of Pennsylvania

Andrew Roseman v. Subway Sandwich Shops, Inc., et al., C.A. No. 2:13-00793